1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GARY E. KING,
Patient #16889-7,

                              Plaintiff,

vs.

UNNAMED,

                              Defendants.

Civil No.     15-cv-00487-BAS(MDD)

**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

**(ECF Nos. 10, 14)**

Plaintiff Gary E. King ("Plaintiff"), currently committed to Patton State Hospital ("PSH") and proceeding *pro se*, filed this civil action on February 20, 2015, while he was detained at the San Diego County Jail ("SDCJ").[1]  Plaintiff's Complaint, while far from clear, appeared to challenge both the validity of his arrest for misdemeanor disorderly conduct and the sufficiency of evidence used to support a battery charge which he claimed was "fake."  (*See* ECF No. 1 ("Compl.") at 1-4.)

///

---

[1]  While Plaintiff failed to file a Notice of Change of Address pursuant to S.D. Cal. Civ. L.R. 83.11(b) when he was transferred from SDCJ to PSH, the Clerk of Court updated the docket to reflect Plaintiff's current address at PSH, which was listed as his return address on his most recent filing.  (*See* ECF No. 14 at 10.)

## I.     PROCEDURAL HISTORY

On May 6, 2015, the Court dismissed the case without prejudice because Plaintiff failed to prepay the $400 civil filing fee required to commence a civil action, failed to file a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), and because his pleading failed comply with Fed. R. Civ. P. 8(a)(1)-(3) or allege subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (*See* ECF No. 4 ("May 6, 2015 Order ") at 5.)  The Court provided Plaintiff with forty-five days leave in which to either pay the filing fee or request IFP status, *and* to file an Amended Complaint. (*Id.*)

Instead, on May 13, 2015, Plaintiff filed a Notice of Appeal to the Ninth Circuit (ECF No. 5).  On September 17, 2015, the Ninth Circuit found Plaintiff's appeal frivolous, and ordered him to pay the $505 appellate filing fee, or face dismissal for failure to prosecute (ECF No. 12).  On October 23, 2015, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute and issued its mandate (ECF No. 15).

While his appeal was pending, however, Plaintiff continued to submit documents to this Court, one on June 1, 2015 (ECF No. 10), and another on October 1, 2015 (ECF No. 14).  In an abundance of caution, the Court has accepted them for filing, and now construes them to be his attempt to amend in light of his *pro se* status, despite Plaintiff's failure to clearly caption them as amended pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's "obligation . . . where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    <u>Standard of Review</u>

The Court cautioned Plaintiff in its May 6, 2015 Order that the Prison Litigation Reform Act ("PLRA") requires it to review all complaints filed by any person who, like Plaintiff, is at the time of filing "incarcerated or detained in any facility [and are] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program,"

"as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(a), (c). "On review, the

court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b)(1), (2); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

> Dismissal for failure to state a claim under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). Pro se complaints are construed "liberally" and may only be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Silva* [*v. Di Vittorio*,] 658 F.3d 1090,] 1101 (9th Cir. 2011)]; *see Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

*Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

## B. Plaintiff's Pleadings

Like his original pleading, neither of the miscellaneous documents Plaintiff submitted on June 1, 2015 (ECF No. 10) on San Diego Sheriff's Department inmate stationary, nor the supplemental documents he submitted on October 1, 2015 (ECF No. 14), even if the Court liberally construes them to be the amended complaint the Court originally granted him leave to file in May, state any discernible "claim for relief that is plausible on its face." *See Nordstrom,* 762 F.3d at 908.

First, neither filing complies with Federal Rule of Civil Procedure Rule 8(a)(2), which Plaintiff was advised requires his pleading to contain a "short and plain statement of the claim showing that [he] is entitled to relief." *Iqbal*, 556 U.S. at 678. Instead, in both, Plaintiff lists a series of incidents which have led to his "false imprisonment," and which seem related to the validity of mental competency proceedings which were pending in San Diego Superior Court on June 1, 2015. (*See* ECF No. 10 at 1, 5-7, 11-15.) These proceedings appear to have resulted in his eventual commitment to PSH.

1   (*See* ECF No. 14 at 7-10.)   In addition, and peppered throughout his submissions,

2   Plaintiff alleges he has been victim to "heinous US Govt. satellite attacks" and medical

3   malpractice, "illegally denied" SSI and VA benefits, denied a "settlement check" from

4   a "winning lawsuit," and has since 2012, been subject to threats, robberies, and beatings

5   at the hands of San Diego and National City Police who use satellites to "follow [him]

6   city-to-city." (*See* ECF No. 10 at 1, 3; ECF No. 14 at 1-9.)

7          However, neither of Plaintiff's pleadings assert any basis for federal jurisdiction,

8   and neither identify *any* particular party subject to suit. *See McHenry v. Renne*, 84 F.3d

9   1172, 1180 (9th Cir. 1996) (noting that "[s]omething labeled a complaint but written

10  more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness

11  and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential

12  functions of a complaint," and are subject to dismissal pursuant to Rule 8). Rule 8

13  requires Plaintiff, at a minimum, to identify each defendant by name so that he or she can

14  be provided notice of the claims alleged against him or her, and so that the Court can

15  reasonably infer, based on the factual matter alleged, whether those defendants may be

16  held liable. *See Iqbal*, 556 U.S. at 678.

17         Moreover, many of Plaintiff's allegations are incoherent and appear delusional;

18  therefore, they are also subject to dismissal as "frivolous" pursuant to 28 U.S.C.

19  § 1915A(b)(1); *Rhodes*, 621 F.3d at 1004.  Section 1915A "'accords judges not only the

20  authority to dismiss a claim based on an indisputably meritless legal theory, but also the

21  unusual power to pierce the veil of the complaint's factual allegations and dismiss those

22  claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S.

23  25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "Examples of the

24  latter class are claims describing fantastic or delusional scenarios, claims with which

25  federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews*

26  *v. King*, 398 F.3d 1118, 1121 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight

27  or importance: having no basis in law or fact.'").

28

1    Thus, to the extent Plaintiff contends he has been subject to "intentional
2  poisonings" and "heinous US Govt. satellite attacks . . . wherever [he has] go[ne] since
3  May 2012," including one satellite that "blew up [his] bike and car and cracked [his]
4  [cranium] skull 3 times," *see* ECF No. 14 at 2-3, 5-6, the Court finds his claims "rise
5  to the level of the irrational," are "wholly incredible," and therefore, are subject to *sua*
6  *sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915A(1)(b)(1).  *Denton*, 504 U.S.
7  at 33; *see also Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL
8  1673883, at *2 (D. Ariz. 2007) (dismissing as frivolous *pro se* plaintiff's claims that law
9  enforcement agencies had conspired with Starbucks employees to "conduct surveillance
10  of Plaintiff in his home and to administer drugs at various Starbucks stores in order to
11  prevent him from stalking and murdering women.").  As is the case here, "[n]o matter
12  how sincerely believed," Plaintiff's allegations of constant government satellite
13  surveillance, threats to "hang [him]," deprive him of "winning lawsuit settlement
14  checks," and "intentional poisonings" at the behest of "local police," *see* ECF No. 14 at
15  2-6, are "simply too fantastic to warrant the expenditure of further judicial resources."
16  *Athans*, 2007 WL 1673883 at *2; *see also Kierstead v. Suter*, 903 F. Supp. 801, 802-03
17  (D. N.J. 1995) (dismissing as frivolous [pursuant to former 28 U.S.C. § 1915(d)] civil
18  action alleging government had conducted biomedical studies on plaintiff and her family,
19  kept them under constant surveillance, and had "released toxins into their food.").

20    If a case may be classified as frivolous, "there is by definition no merit to the
21  underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d
22  1122, 1127 n.8 (9th Cir. 2000) (en banc).

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## III.   CONCLUSION & ORDER

For the reasons explained above, the Court:

(1)   **DISMISSES** this civil action both for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

(2)   **DENIES** further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112, 1116 (9th Cir. 2014) (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend.) (citations omitted);

(3)   **CERTIFIES** that any attempt to appeal this final Order of dismissal would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

(4)   **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

**DATED: October 30, 2015**

Hon. Cynthia Bashant
United States District Judge